Zheng v. Barr

BIA
Hom, IJ
A089 254 139/140

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> *Circuit Judges.*

_____

NA ZHENG, JIN DE PAN,
>        *Petitioners,*

v.                                          18-214
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONERS:          Dehai Zhang, Flushing, NY.

FOR RESPONDENT:           Joseph H. Hunt, Assistant
                          Attorney General; Jeffery R.
                          Leist, Senior Litigation Counsel;
                          Colette J. Winston, Trial
                          Attorney, Office of Immigration
                          Litigation, United States
                          Department of Justice, Washington,
                          DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Na Zheng and Jin De Pan, natives and citizens of the People's Republic of China, seek review of a January 12, 2018, BIA decision that affirmed the April 11, 2017, decision of an Immigration Judge ("IJ") denying asylum and withholding of removal. *In re Na Zheng, Jin De Pan,* Nos. A089 254 139/140 (B.I.A. Jan. 12, 2018), *aff'g* Nos. A089 254 139/140 (Immig. Ct. N.Y. City Apr. 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case. We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

Zheng applied for asylum and withholding of removal, naming Pan as a derivative beneficiary, and asserting that she fears persecution based on the birth of their children in the United States in violation of China's population control program and her involvement with the Democratic Party of China ("DPC") in the United States. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

2

06282019-5

For largely the same reasons as set forth in *Jian Hui Shao*, we find no error in the agency's determination that Zheng failed to satisfy her burden of proof as to her family planning claim. *See id.* at 158-67. The agency reasonably concluded that isolated reports of forced sterilizations that lack details (such as those cited by Zheng) do not outweigh significant country conditions evidence that enforcement efforts typically involve economic incentives and penalties rather than force. *See Jian Hui Shao*, 546 F.3d at 159-62, 172.

The agency also did not err in finding that Zheng failed to demonstrate a well-founded fear of persecution on account of her pro-democracy activities in the United States. *See Y.C. v. Holder*, 741 F.3d 324, 333-35 (2d Cir. 2013). The agency was not compelled to credit Zheng's testimony, unsupported by reliable evidence, that Chinese authorities are aware of her activities in the United States. *See id.* at 334. And the agency did not err in rejecting the "suggestion that the Chinese government is aware of every anti-Communist or pro-democracy piece of commentary published online," particularly when, as here, the articles include only a name as identifying information. *See id.* Nor did the IJ abuse his discretion in declining to accept Zheng's late-

3

filed evidence or witness testimony.  *See Dedji v. Mukasey*, 525 F.3d 187, 191-92 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court

4